ORDERED.

Dated:  January 31, 2018

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ADVANCED TELECOMMUNICATION NETWORK, INC., | ) ) | Case No. 6:03-bk-00299-KSJ Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ADVANCED TELECOMMUNICATION NETWORK, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 6:05-ap-00006-KSJ |
| | ) | |
| FLASTER/GREENBURG, PC, and PETER R. SPIRGLE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
<u>UNDER NEW JERSEY'S TORT OF ANOTHER DOCTRINE</u>**
*(No material factual disputes exist on ATN's
fee shifting request under the Tort of Another Doctrine.)*

Plaintiff and Debtor, Advanced Telecommunication Network, Inc. ("ATN"), asserts two tort claims against Defendants, Flaster/Greenberg, P.C. and Peter Spirgel[1] (collectively, "Flaster").[2] If proven, ATN seeks to recover its attorneys' fees of approximately $2.5 million from Flaster under New Jersey's Tort of Another Doctrine.[3] Flaster now seeks summary judgment[4] arguing that Flaster did not proximately cause ATN to incur these attorneys' fees and is not liable.[5] The Bankruptcy Court recommends that the District Court grant Flaster's Motion for Summary Judgment under the Tort of Another Doctrine.

## Summary Judgment Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] The moving party must establish the right to summary judgment.[7] A "material" fact is one that "might affect the outcome of the suit under the governing law."[8] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[10] In determining entitlement to summary

---

[1] Peter Spirgel was an attorney at the Flaster firm.
[2] Counts VIII and IX assert tort claims against Flaster for Aiding and Abetting [Daniel Allen's] Breach of Fiduciary Duty and for Civil Conspiracy to Violate New Jersey's Uniform Fraudulent Transfer Act. Second Amended Complaint, Doc. No. 139 at ¶¶ 131 – 149.
[3] ATN's Prayer for Relief, Doc. No. 139 at p. 25.
[4] Doc. Nos. 242, 263 (ATN's Response), and 270 (Flaster's Reply).
[5] The Court will treat Flaster's Motion for Summary Judgment under the Tort of Another Doctrine as a request for a "report and recommendation" because the District Court will try this adversary proceeding before a jury and the issues involve mixed core and non-core claims. As such, the District Court, not the Bankruptcy Court, must issue any Final Judgment. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015); *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014); *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).
[6] Fed. R. Civ. P. 56(a).
[7] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Find What Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).
[9] *Anderson*, 477 U.S. at 248.
[10] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, (1986).

judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[11]

## Background

Because the events occurred in 1999, almost 20 years ago, and because substantial litigation precedes this dispute, a brief discussion of the past litigation is merited. Daniel Allen and Gary Carpenter, who equally shared all of ATN's voting shares, founded ATN in 1989 as a long-distance reseller of telecommunication services.[12] The company purchased long distance telephone service in bulk from larger carriers and resold it to their customers. A bitter management dispute erupted between Carpenter, ATN's President, and Daniel Allen resulting in hard fought litigation in New Jersey. A trial commenced in November 1998. Flaster represented Daniel Allen.

Daniel Allen and Carpenter signed a handwritten settlement agreement on December 23, 1998, and then a more formal written settlement agreement on January 12, 1999. ATN was to pay Flaster $1.35 million for the Allen attorney fees and costs in the New Jersey litigation. ATN also paid the Allens an additional $6.25 million in settlement of their dispute with Carpenter.[13] The monies were paid directly by ATN to the Flaster who kept $1.35 million for its fees and sent the balance to the Allens.

After the settlement, Carpenter was the sole shareholder of ATN and remained President for a short time. Beginning in 1995 and simultaneously with the shareholder litigation, ATN had disputed with a competitor, WATS/800, Inc., a company controlled by Damian Freeman. In

---

[11] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[12] The background is largely parsed from the Eleventh Circuit of Appeals opinion of *Advanced Telecommunication Network, Inc. v. Allen (In re Advanced Telecommunication Network, Inc.)*, 490 F. 3d 1325 (11th Cir. 2007).
[13] For example, exhibits show that wire transfers to Flaster occurred on January 12, 1999 ($1.25 million), January 29, 1999 ($250,000), and June 1, 1999 ($6 million). Doc. 180, Ex. 37. The settlement agreement also contained other terms, such as releases, that may have transferred additional value between the parties.

October 2000, Carpenter settled this dispute relinquishing his interest in ATN to companies controlled by Damian Freeman, who still controls ATN today.

ATN/Freeman filed this Chapter 11 bankruptcy on January 10, 2003, and confirmed a Plan of Reorganization[14] contemplating litigation against the Allens[15] and their lawyers to recover the monies paid in the 1999 settlement between the Allens and Carpenter. Freeman relentlessly has pursued his lawsuits beginning first with the Allens and now turning his attention to Flaster. The multi-year dispute has traveled to the Eleventh Circuit Court of Appeals twice[16] and, for the Allens' individual bankruptcy cases in New Jersey, the Third Circuit Court of Appeals.[17]

ATN contends it has incurred attorneys' fees of approximately $2.5 million[18] in pursuing its claims against the Allens in this earlier litigation. ATN now seeks to recover this sum from Flaster under the Tort of Another Doctrine arguing it was "forced to bring multiple lawsuits as a result of [Flaster's] conduct."[19] Flaster in response argues that, as a matter of law, ATN can show no proximate cause between the attorneys' fees incurred and Flaster's liability under the two pending tort claims to justify shifting fees from ATN to Flaster under the Tort of Another Doctrine.

## No Factual Disputes Exist on ATN's Fee Shifting Request under the Tort of Another Doctrine

The general "American Rule" is that each party must pay its own legal fees. Courts have carved out limited exceptions to the American Rule, but any departure from the American Rule is

---

[14] Doc. No. 1 in Main Case No. 6:03-bk-00299-KSJ. Doc. No. 153 in the Main Case is the Chapter 11 Plan of Reorganization. The Court confirmed the Plan on June 22, 2004. Doc. No. 215 in the Main Case.
[15] Adversary Number 6:03-ap-00122-KSJ, Advanced Telecommunication Network, Inc. v. Daniel W. Allen and David D. Allen.
[16] *In re Advanced Telecomm. Network, Inc.*, 429 F. App'x 857 (11th Cir. 2011); *In re Advanced Telecomm. Network, Inc.*, 490 F.3d 1325 (11th Cir. 2007).
[17] *In re Allen*, 768 F.3d 274 (3d Cir. 2014). Daniel Allen's individual bankruptcy case was filed in the United States Bankruptcy Court for the District of New Jersey (Case No. 11-37671 (GMB)). Daniel's wife, Stacy Allen, filed an individual bankruptcy case in the United States Bankruptcy Court for the District of New Jersey (Case No. 13-14348 (GMB)).
[18] Doc. No. 270, p. 1
[19] Doc. No. 242, p. 2.

confined to very minor and explicitly laid out exceptions[20]—one of which is the Tort of Another Doctrine or the "third-party exception." New Jersey courts[21] have applied this exception to the American Rule:

> One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.[22]
>
> …
>
> [A] prerequisite to an award of counsel fees under the exception to the American Rule is litigation with a third party precipitated by another party's wrongful act. No matter how egregious that wrongful act, in the direct action between a plaintiff and a defendant, each party bears his or her own fees under the American Rule. It is only the requirement of litigation against a stranger that calls the exception into play.[23]

The Bankruptcy Court preliminarily addressed the Tort of Another Doctrine when it allowed ATN to amend its complaint to include this additional demand for damages.[24] The Court then noted that the Tort of Another Doctrine shifts liability for attorney fees to a tortious wrongdoer and reflects the principle that those fees incurred in an action against a third party are merely an additional element of damages flowing from the tort.

ATN then amended its Complaint to add the prayer for relief seeking reimbursement of attorneys' fees and costs paid years ago in connection with litigation against the Allens. In Counts VIII and IX of ATN's Second Amended Complaint, ATN specifically claims that Flaster helped the Allens conceal their assets knowing that ATN would try to avoid the Carpenter/Allen settlement as a fraudulent transfer. This action arguably caused ATN to expend substantial and

---

[20] *Innes v. Marzano-Lesnevich*, 224 N.J. 584, 597, 136 A.3d 108, 116 (2016) (discussing a different exception to the American Rule).
[21] New Jersey law controls on the tort claims. Doc. No. 134, ¶¶ 131-149.
[22] *DiMisa v. Acquaviva*, 198 N.J. 547, 553, 969 A.2d 1091, 1095 (2009) (quoting *Restatement (Second) of Torts* § 914(2) (1979)) (internal quotation marks omitted).
[23] *DiMisa*, 969 A.2d at 1096. The Court will refer to the "third-party exception" to the American Rule as the "Tort of Another Doctrine" or the "Doctrine."
[24] Doc. No. 134.

largely wasted attorneys' fees in litigation against the Allens. In connection with that conduct, ATN alleges the Allens and the Flaster Defendants committed a civil conspiracy to harm ATN and that the Flaster Defendants aided and abetted Daniel Allen's breaches of his fiduciary duties (and even orchestrated the breaches).[25] For both counts, ATN asserts Flaster and the Allens worked together to tortuously harm ATN. Flaster and the Allens then are alleged joint tortfeasors. ATN now seeks the legal fees it incurred in the previous lawsuits as damages directly caused by, and flowing from, the Defendants' wrongful advice and actions involving the Allens.[26]

"To determine whether a party is 'required' to bring an action to protect its interests as a result of the tort of another, courts look to whether the litigation was a 'natural and necessary' consequence of the defendant's wrongdoing. Remote, uncertain[,] and contingent consequences do not afford a basis for recovery."[27] Courts have to decide whether the alleged tortious conduct was the proximate cause of the attorney's fees that a plaintiff incurred in another action.[28]

As the Supreme Court of Oregon noted in a case involving a prevailing defendant suing another tortfeasor for fees, "such actions do not lie unless the third party action that the plaintiff was required to defend against existed **only** because of the tort of the defendant."[29] The New Jersey Supreme Court explained that even in cases with extremely egregious and wrongful acts by a defendant, a plaintiff would bear his or her own fees in a direct action between the parties.[30] This standard is high and strictly construed. Courts rarely apply this exception to the American Rule because the instances in which it applies are seldom met.

---

[25] Doc. No. 139, ¶¶ 131-149.
[26] Doc. No. 134, p. 4.
[27] *AMEC Civil, LLC v. DMJM Harris, Inc.*, No. CIV.A. 06-64 (FLW), 2009 WL 1883985, at *18 (D.N.J. June 30, 2009).
[28] *Id.* Emphasis added.
[29] *Eclectic Inv., LLC v. Patterson*, 357 Or. 25, 39, 346 P.3d 468, 475, opinion adhered to as modified on reconsideration, 357 Or. 327, 354 P.3d 678 (2015) (emphasis supplied).
[30] *DiMisa*, 969 A.2d at 1096.

In its previous Memorandum Opinion allowing ATN to amend its complaint to add the Tort of Another claim, the Court noted that the New Jersey Supreme Court expressly cited the doctrine's use against actual co-defendants, so long as the litigation was caused by the defendant's wrongful acts from whom the plaintiff seeks attorney fees.[31] Co-defendants, however, are not always joint tortfeasors. For example, in *Jugen v. Friedman*, the New Jersey court referenced two situations in which attorneys' fees were allowed when a plaintiff litigated "in the same suit with both the tortfeasor and the third parties with whom the tortfeasor has caused him to become embroiled."[32]

> For example,… a case in which the owner of real estate defrauded a developer into buying polluted property, the developer's damages included his attorneys' fees for the State's claims for the cost of remedying the pollution, although that issue was litigated in the same action as the issue of the owner's fraud. … Similarly in the present case, although Mr. Jugan may not recover his litigation expenses for litigating with Dr. Friedman to establish that his transfers were fraudulent, he is entitled to reimbursement for reasonable attorneys' fees expended in litigating with third parties, including the other defendants, to void or set aside the transfers.[33]

So, in the first example, the plaintiff [developer] was forced to incur attorneys' fees to remedy pollution based on third party claims [government or state] that were caused by the defendant's [real estate owner] acts and misrepresentations about the polluted property. In that case, the plaintiff was entitled to additional damages based on addressing claims levied by a third party against the plaintiff.

Here, there is no "third party" who caused ATN to incur attorneys' fees. ATN is alleging tort claims against joint or co-tortfeasors, Flasters and the Allens, on theories of civil conspiracy and aiding and abetting a breach of fiduciary duty. The Tort of Another Doctrine does not provide

---

[31] Doc. No. 134, p. 5.
[32] *Jugan v. Friedman*, 275 N.J. Super. 556, 573, 646 A.2d 1112, 1120 (App. Div. 1994), abrogated by *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 876 A.2d 253 (2005) (tort of another analysis was not disturbed).
[33] *Id.* (internal citations omitted).

a basis for recovery when the claimant is not harmed by a third party but instead incurred attorneys' fees because they sued one joint tortfeasor before the other joint tortfeasor.

As a Ninth Circuit Bankruptcy Appellate Panel noted in *dicta*, many courts question whether fees may be awarded under the Tort of Another Doctrine when those fees are incurred in actions against joint or co-tortfeasors.[34] Indeed, the Ninth Circuit BAP cited several cases where courts denied attorney fees under the Tort of Another Doctrine when those fees sought were related to claims against joint tortfeasors.[35] The Court explained:

> This takes the exception to the American Rule too far, creating an exception that ultimately swallows the rule and promotes serial litigation. Further, it effectively gives plaintiffs injured by joint tortfeasors a windfall that plaintiffs injured by a single tortfeasor would not receive. Lastly, there is a question whether a party is really forced into third-party litigation if the party can come to a full recovery through litigation with just one party.[36]

If the Tort of Another Doctrine applied to this situation, it would mean that ATN could sue the Allens first based on the same civil conspiracy and actions that provide the basis for the tort claims against the Flaster Defendants, but ATN could recover attorney fees for pursuing litigation against the joint tortfeasors separately. The reverse would be true. If the Doctrine applied, ATN could have sued Flaster first on the alleged civil conspiracy and then pursued the Allens for the attorney's fees expended in that litigation.

ATN, as Flaster notes, could have sued both the Allens and Flaster in one suit, but they chose not to combine the parties in the litigation. ATN argues Flaster may not question its litigation strategy because Flaster encouraged the strategy when ATN initially focused on the Allens. The Court finds this argument meritless. Flaster is not estopped from questioning ATN's strategy

---

[34] *Bertola v. Northern Wisconsin Produce Co., Inc. (In re Bertola),* 317 B.R. 95, 103 (B.A.P. 9th Cir. 2004). The Ninth Circuit BAP did not rule on this issue.
[35] *Id.* (collecting cases).
[36] *Id.*

because the Tort of Another demand for damages was not pending when Flaster made the comments referenced in ATN's reply.[37]

Both parties submitted experts that would support their positions.[38] Defendants' expert questions the efficiency of ATN's litigation strategy noting that pursuing different defendants at different times resulted in a duplication of attorneys' fees that could have been easily avoided.[39] ATN responds that it has "to prove that the fees were reasonably necessary to address the actions of [the Defendants],"[40] and ATN must prove that the litigation against the Allens was a "natural and necessary" consequence of Flaster's wrongdoing.

The Court finds that the previous litigation was not required to be brought by any alleged separate or independent tortious conduct of Flaster. ATN was not forced into third-party litigation with the Allens *only* because of Flaster's alleged tortious conduct. As Flaster argues, and the Court agrees, ATN could have pursued their tort claims for civil conspiracy and aiding and abetting a breach of fiduciary simultaneously with the litigation against the Allens. Applying the Doctrine of Tort of Another to this situation would promote serial and piecemeal litigation and expand the third-party exception to the American Rule beyond the unique, confined, and extraordinary circumstances in which it should apply. The Tort of Another Doctrine does not apply to the circumstances of this dispute.

The Bankruptcy Court recommends that the District Court grant Flaster's Motion for Summary Judgment finding ATN is not entitled to recover its past attorneys' fees and costs under New Jersey's Tort of Another Doctrine.[41]

---

[37] For example, ATN raises this comment of Flaster: "We likewise hope the Debtor recovers whatever it can recover from the Allens and dismisses its claims against Flaster." Doc. No. 263, p. 3.
[38] Defendants' Expert is Patricia A. Redmond, Doc. No. 263-1. Plaintiff's Expert is Seldon J. Childers. Doc. No. 265. The Court ruled that the expert opinion of Mr. Childers should be excluded based on untimely disclosure, but if the District Court declines to enter summary judgment on the Tort of Another Doctrine claim, Mr. Childers's testimony may later be needed. Doc. No. 299.
[39] Doc. No. 263-1, p. 4.
[40] Doc. No. 263, p. 12; Doc. No. 265 pp. 7-12.
[41] Doc. No. 242.

### 

Attorney, Dennis Waggoner, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.