# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In Re: Advanced Telecommunication Network Inc.,

Debtor.

---

ADVANCED TELECOMMUNICATION NETWORK INC,

Plaintiff,

v.

FLASTER/GREENBERG, P.C., et al.,

Defendants.

Case No: 6:18-cv-1186-Orl-28GJK

Bankr. Ct. Case No. 6:03-bk-299-KSJ
Adv. Proc. No. 6:05-ap-00006-KSJ
Adv. Proc. No. 6:11-ap-00008-KSJ

## ORDER

Defendants Flaster Greenberg, P.C. and Peter R. Spirgel filed a Motion for Summary Judgment (Bankr. Doc. 242), seeking summary judgment on Plaintiff Advanced Telecommunication Network, Inc.'s (ATN) claim for attorney's fees and costs under New Jersey's Tort of Another Doctrine. On January 31, 2018, the then-assigned United States Bankruptcy Judge submitted a Report (Bankr. Doc. 302), recommending that Defendants' Motion for Summary Judgment be granted. Specifically, the Report recommends granting the motion because, when the record evidence is viewed in the light most favorable to the non-moving party, there is no genuine dispute of material fact as to whether ATN can recover attorney's fees under New Jersey's Tort of Another Doctrine. According to the Report, the doctrine is inapplicable to the present case and Defendants are therefore entitled to summary judgment on that issue.

In response to the Report, ATN filed an Objection (Bankr. Doc. 306)[1] to the bankruptcy court's recommendation, arguing that the bankruptcy court misapplied New Jersey law in determining that: (1) Daniel Allen and his family were not third parties for purposes of the Tort of Another doctrine and (2) ATN should have sued Defendants and the Allens together, rather than separately. Defendants filed a Response (Bankr. Doc. 312) to the Objection, arguing that this Court should adopt the Report because ATN's Tort of Another claim fails. After conducting the statutorily prescribed de novo review—during which the Court reviewed the record, the submissions of the parties, and the relevant case law—the Court agrees with the findings and conclusions in the Report and Recommendation.

The New Jersey Supreme Court has explained that New Jersey generally follows the American Rule regarding fees, which requires litigating parties to bear their own litigation expenses. See DiMisa v. Acquaviva, 969 A.2d 1091, 1095 (N.J. 2009). However, the state also recognizes the third-party exception to that rule, which allows "one who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person . . . to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." Id. In order to invoke this exception, "litigation with a third party precipitated by another party's wrongful act" is required. Id. at 1096; see also id.

---

[1] A bankruptcy judge is permitted to hear a proceeding related to a pending bankruptcy case. See 28 U.S.C. § 157(c)(1). After hearing such a proceeding, the bankruptcy judge is required to "submit proposed findings of fact and conclusions of law to the district court" so the district court may issue an appropriate final order. Id. Before issuing that final order, the district court is instructed to review "de novo those matters to which any party has timely and specifically objected." Id.

2

(noting that each party bears its own expenses in a direct action between a plaintiff and a defendant and that it is "only the requirement of litigation against a stranger that calls the exception into play"). Therefore, if a party has an "independent basis for litigating against [a third party] in a separate action," he cannot invoke the exception to the American Rule regarding fees and costs. Grubbs v. Knoll, 870 A.2d 713, 727 (N.J. Super. Ct. App. Div. 2005).

The bankruptcy judge correctly found that Daniel Allen and his family, whom ATN sued in a prior proceeding, are not considered third parties for purposes of the New Jersey Tort of Another doctrine. Here, ATN alleges "tort claims against joint or co-tortfeasors, [Defendants] and the Allens, on theories of civil conspiracy and aiding and abetting a breach of fiduciary duty." (Bankr. Doc. 302 at 7). And the Tort of Another doctrine, as the bankruptcy court further noted, does not "provide a basis for recovery when the claimant is not harmed by a third party but instead incurred attorneys' fees because [the claimant] sued one joint tortfeasor before the other joint tortfeasor." (Id. at 7–8). ATN's objection does not establish otherwise.

In asserting that the bankruptcy judge applied the incorrect law, ATN relies heavily on Jugan v. Friedman, 646 A.2d 1112 (N.J. Super. Ct. App. Div. 1994), abrogated on other grounds by Banco Popular N. Am. v. Gandi, 876 A.2d 253 (N.J. 2005). ATN asserts that in Jugan, which the New Jersey Supreme Court cited favorably in DiMisa, the court "expressly considered and rejected the argument that a co-conspirator or joint tortfeasor cannot be a third party for purposes of the [Tort of Another] doctrine." (Bankr. Doc. 306 at 6). Not so; Jugan is distinguishable.

3

In Jugan, the plaintiff sued the defendant and his family in an attempt to establish that the defendant had made fraudulent transfers of property to his wife and sons in order to shield that property from the plaintiff's judgment against him. See Jugan, 646 A.2d at 1115. The plaintiff sought to recover the cost of litigating against the defendant's wife and sons, which he had to do in order to establish the fraudulent nature of the transfers. See id. The court did not allow the plaintiff to recover fees from the defendant, but it did rule that the plaintiff was "entitled to reimbursement for reasonable attorneys' fees expended in litigating with third parties, including the other defendants, to void or set aside the transfers." Id. at 1120.

But a co-defendant is not automatically a joint tortfeasor. In Jugan, the court explicitly noted—directly preceding the above-quoted co-defendant language—that a "plaintiff may litigate in the same suit with both the tortfeasor and the third parties with whom the tortfeasor has caused him to become embroiled because of the tort." Id. Moreover, the court in Jugan stated that the "trial judge refrained from making any express finding [of] whether [defendant's] wife and sons shared his intent to defraud creditors." Id. at 1115. Though the trial court noted that the defendant's family "should have been aware of the fraud," the court never found that the defendant's family shared legal responsibility for the fraud at issue. Id. These facts are in stark contrast to the facts of the instant case, in which Allen and Defendants are alleged to have conspired together to defraud ATN.

Jugan thus does not amount to a rejection of the proposition that a joint tortfeasor cannot be a third party for purposes of the Tort of Another doctrine. At most, Jugan stands for the proposition that a co-defendant who was aware of, but was not found to have participated in, a fraud can be a third party under the Tort of Another doctrine. Further,

neither party provides a case in which a New Jersey court allowed the Tort of Another doctrine to be used to recover fees from a co-conspirator. See, e.g., DiMisa, 969 A.2d at 1096 (holding that a corporation fully controlled by the individual defendant was the defendant's alter-ego and thus not a third party for purposes of the Tort of Another doctrine); Dorofee v. Planning Bd. of Pennsauken Twp., 453 A.2d 1341, 1344 (N.J. Super. Ct. App. Div. 1982) (holding that the Planning Board could recover fees from its co-defendant when the co-defendant's fraud upon the Planning Board required the Board to defend itself and there was no allegation that the Board conspired with the co-defendant); see also Grubbs, 870 A.2d at 726–27 (holding the Tort of Another doctrine inapplicable where a party was in litigation with defrauding parties and had "an independent basis for litigating against them in a separate action").

This Court, likewise, found no New Jersey law allowing the recovery of fees from a co-conspirator or joint tortfeasor. Rather, the language in the cases points in the opposite direction. The New Jersey Supreme Court has said that "only the requirement of *litigation against a stranger* [can] call[] the exception into play." DiMisa, 969 A.2d at 1096. The Appellate Division of the Superior Court of New Jersey further explained that fees could not be recovered for litigation with a party when the litigation was the direct result of that party's "intentional tortious conduct, and not a forced outcome" of another's actions. Grubbs, 870 A.2d at 727. Here, ATN has alleged that Defendants and the Allens conspired to defraud it. The Allens, then, are not independent third parties with whom ATN was forced to litigate because of Defendants' conduct. Rather, the Allens' own conduct, in conjunction with Defendants' conduct, led ATN to litigate against the Allens. Because the Allens are not third parties, and because ATN was not *forced* to sue the Allens because of

5

Defendants' conduct, ATN cannot recover its attorney's fees from the suit it chose to bring against the Allens.

Finally, ATN also objects to the bankruptcy judge's findings that "ATN should have sued [Defendants] together with the Allens in the first lawsuit, rather than bringing a lawsuit separate from the Allen litigation." (Bankr. Doc. 306 at 3). But this is not a fully accurate characterization of the bankruptcy judge's findings. The bankruptcy judge's discussion of suing joint tortfeasors in the same lawsuit was part of a policy discussion regarding the negative consequences that could flow from allowing fee recovery from a joint tortfeasor. (See Bankr. Doc. 302 at 9 ("As [Defendants] argue[], and the Court agrees, ATN could have pursued their tort claims for civil conspiracy and aiding and abetting a breach of fiduciary [duty] simultaneously with the litigation against the Allens. Applying the [d]octrine of Tort of Another to this situation would promote serial and piecemeal litigation . . . .")). The bankruptcy judge did not, therefore, find that ATN should have sued Defendants together with the Allens. Rather, the bankruptcy judge found that because the Allens and Defendants are alleged to have acted in concert, ATN was not *required* to sue the Allens solely because of Defendants' allegedly improper conduct. (See id.). That the lawsuits against Defendants and the Allens could have been brought together only provides persuasive evidence that Defendants' actions were not the sole cause of the litigation with the Allens.

In sum, as the bankruptcy judge found, ATN does not have a viable claim for attorney's fees under New Jersey's Tort of Another doctrine. Therefore, ATN's Objection (Bankr. Doc. 306) to the Report and Recommendation is **OVERRULED**, and it is **ORDERED** as follows:

1. The Report and Recommendation (Bankr. Doc. 302) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendants' Motion for Summary Judgment (Bankr. Doc. 242) on ATN's Tort of Another claim is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 17, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

7