UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Advanced Telecommunication
Network, Inc.,

    Debtor.

---

ADVANCED TELECOMMUNICATION
NETWORK, INC.,

    Plaintiff,

v.

FLASTER/GREENBERG, P.C., et al.,

    Defendants.

Case No: 6:18-cv-1186-Orl-28GJK

Bankr. Ct. Case No. 6:03-bk-299-KSJ
Adv. Proc. No. 6:05-ap-00006-KSJ
Adv. Proc. No. 6:11-ap-00008-KSJ

---

# ORDER

Plaintiff Advanced Telecommunication Network, Inc. (ATN) filed a Motion for Partial Summary Judgment (Bankr. Doc. 259), seeking partial summary judgment on Count I of its Complaint. In its motion, ATN endeavors to prevent Defendant Flaster Greenberg, P.C.[1] (Flaster) from asserting the "mere conduit" affirmative defense in response to Count I, in which ATN seeks to recover the value of an avoided transfer under § 550(a)(1) of the Bankruptcy Code. On January 31, 2018, the then-assigned United States Bankruptcy Judge submitted a Report (Bankr. Doc. 303) recommending that ATN's Motion for Partial Summary Judgment be granted. Specifically, the Report recommends granting the motion

---

[1] Peter Spirgel, a lawyer at Flaster Greenberg, P.C., is also a named defendant in this action. However, as noted by the bankruptcy court, ATN has not alleged that Spirgel was an initial transferee. He therefore has not asserted the "mere conduit" defense and is not involved in this particular dispute. (See Bankr. Doc. 303 at 2 n.6).

because Flaster had extensive information, as evidenced by statements made in a New Jersey state court, that "overwhelmingly demonstrate[d]" that ATN faced significant financial difficulties at the time it entered into the Settlement Agreement at issue in this action. (Id. at 7). According to the Report, because Flaster knew this information when it helped create the Settlement Agreement and when it accepted funds stemming from the execution of that Agreement, it cannot now meet the "good faith" requirement of the "mere conduit" defense.

In response to the Report, Flaster filed an Objection (Bankr. Doc. 310),[2] urging this Court to reject the bankruptcy court's recommendation because genuine disputes of material fact exist as to whether Flaster acted in good faith in participating in the creation of, and accepting the funds flowing from, the Settlement Agreement. ATN filed a Response (Bankr. Doc. 313), arguing that this Court should adopt the Report because Flaster was on inquiry notice regarding ATN's financial condition and thus cannot successfully present a good faith defense. After conducting the statutorily prescribed de novo review—during which the Court reviewed the record, the submissions of the parties, and the relevant case law—the Court sustains the Objection.

The Bankruptcy Code permits avoidance of transfers of interests that are made with an actual intent to defraud. See In re Harwell, 628 F.3d 1312, 1317 (11th Cir. 2010). Under § 550(a) of the Bankruptcy Code, an avoided transfer may be recovered from, among

---

[2] A bankruptcy judge is permitted to hear a proceeding related to a pending bankruptcy case. See 28 U.S.C. § 157(c)(1). After hearing such a proceeding, the bankruptcy judge is required to "submit proposed findings of fact and conclusions of law to the district court" so the district court may issue an appropriate final order. Id. Before issuing that final order, the district court is instructed to review "de novo those matters to which any party has timely and specifically objected." Id.

others, the "initial transferee of such transfer." Id. (quoting 11 U.S.C. § 550(a)(1)). However, the Eleventh Circuit has "carved out an equitable exception to the literal statutory language of 'initial transferee,' known as the mere conduit or control test, for initial recipients who are 'mere conduits' with no control over the fraudulently-transferred funds." Id. at 1322. This theory operates as an affirmative defense to initial transferee liability. See Perlman v. Bank of Am., N.A., 561 F. App'x 810, 812 (11th Cir. 2014) ("The 'mere conduit' theory is an affirmative defense . . . ."). The instant dispute centers around whether Flaster should be allowed to assert this defense.

An initial transferee seeking to use the "mere conduit" defense must establish "(1) that [the transferee] did not have control over the assets received, i.e., that [the transferee] merely served as a conduit for the assets that were under the actual control of the debtor-transferor and (2) that [the transferee] acted in good faith and as an innocent participant in the fraudulent transfer." In re Harwell, 628 F.3d at 1323 (emphasis and footnotes omitted). The Eleventh Circuit has stressed that courts evaluating a "mere conduit" defense are to use a "flexible, pragmatic, equitable approach of looking beyond the particular transfer in question to the circumstances of the transaction in its entirety." Id. at 1322 (citing In re Chase & Sanborn Corp., 848 F.2d 1196, 1199 (11th Cir. 1988)). Courts are to bear in mind that in "examining all the facts and circumstances surrounding a transaction," id., the goal is to "prevent recovery from a transferee innocent of wrongdoing and deserving of protection," id. at 1322–23.

Here, the parties agree that the first prong of the "mere conduit" test is met because Flaster did not have control over the assets received. (See Bankr. Doc. 310 at 2). However, the parties vigorously debate whether Flaster can establish good faith as

3

required by the second prong of the test. ATN agrees with the bankruptcy court's conclusion that Flaster's prior statements alone preclude use of the "mere conduit" defense. (Bankr. Doc. 313 at 15). Flaster, on the other hand, argues that courts must "step back and evaluate a transaction in its entirety to make sure that their conclusions are logical and equitable." In re Harwell, 628 F.3d at 1319 (citations omitted). Flaster protests that there are several genuine issues of material fact that must be resolved by a jury. (Bankr. Doc. 310 at 15–16).

In issuing the Report, the bankruptcy judge found no genuine disputes of material fact regarding the good faith prong of the "mere conduit" defense. The bankruptcy judge pointed to Flaster's statements regarding ATN's poor financial health made during the New Jersey state proceedings, (Bankr. Doc. 303 at 6–7; Bankr. Doc. 313 at 19–20), noting that these statements alone show that Flaster knew ATN was about to go under and thus acted in bad faith by constructing a Settlement Agreement requiring ATN to pay millions of dollars, (see Bankr. Doc. 303 at 6–7). Flaster counters by arguing that those statements only indicated that ATN was not performing as well as it once did, not that it was on the verge of collapse. (See Bankr. Doc. 310 at 24–25). Moreover, Flaster points to other facts that it argues tend to indicate that ATN was not, in fact, in dire financial straits. (See id. at 22–23 (identifying several facts suggesting that ATN was not near collapse, including that: (1) ATN was able to receive a loan from a commercial bank within days of executing the Settlement Agreement; (2) ATN's own auditors did not believe it was insolvent; and (3) ATN had access to several sources of capital)).

Additionally, Flaster points to a number of facts that could prove it lacked knowledge of ATN's financial condition or of the nature of the transfers. (See id. (identifying several

4

facts that could show Flaster's lack of knowledge, including that: (1) Flaster believed Carpenter was the true purchaser of the stock at issue in the Settlement Agreement; (2) Flaster believed ATN was worth more than $27 million; and (3) Flaster did not know that Carpenter would cause ATN to pay for the shares as part of the Settlement Agreement)). ATN, obviously, disputes these facts. The parties also dispute whether the Court should even evaluate facts tending to show the knowledge of those involved.

The Eleventh Circuit has been clear that the "mere conduit" test "is a *very* flexible, pragmatic one [and that] courts must look beyond the particular transfers in question to the *entire circumstance* of the transactions." In re Harwell, 628 F.3d at 1322 (emphasis added) (quoting In re Pony Express Delivery Servs., 440 F.3d 1296, 1302 (11th Cir. 2006)). The Court, therefore, must consider all facts and circumstances surrounding the transfers in question. Because there are facts that point in both directions on the good faith issue, summary judgment is inappropriate. This is particularly true when, as here, the issue to be decided is inherently factually intensive. See In re Palm Beach Fin. Partners, 488 B.R. at 770 (noting that the "mere conduit defense is an affirmative defense . . . which turns on a fact-intensive analysis of a party's good faith"). The evidence cited by Flaster could, at the very least, have provided context for Flaster's past statements.

At this stage, the role of the Court "is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In conducting this inquiry, the Court must "resolve all reasonable doubts about the facts in favor of the non-movant." Delancy v. St. Paul Fire & Marine Ins. Co., 947 F.2d 1536, 1553 (11th Cir. 1991) (quoting Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990)). At bottom, the question for the Court at

5

this time is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There are.

Here, when the evidence is viewed in the light most favorable to Flaster, the non-moving party, genuine disputes of material fact exist relating to whether Flaster acted in good faith. The bankruptcy judge correctly noted that Flaster's own words constitute exceedingly persuasive evidence to the contrary. But at this stage, the Court would err if it made findings of fact based on that evidence alone. Flaster is therefore not precluded from advancing its "mere conduit" affirmative defense at trial.

Accordingly, Flaster's Objection (Bankr. Doc. 310) to the Report and Recommendation is **SUSTAINED**, and it is **ORDERED** as follows:

1. The Court **DECLINES TO ADOPT** the Report and Recommendation (Bankr. Doc. 303).

2. ATN's Motion for Partial Summary Judgment on Count I (Bankr. Doc. 259) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on September 24, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties