ORDERED.

**Dated: January 31, 2018**

_Karen S. Jennemann_
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| ADVANCED TELECOMMUNICATION ) | Case No. 6:03-bk-00299-KSJ |
| NETWORK, INC., ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ADVANCED TELECOMMUNICATION ) | |
| NETWORK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary No. 6:05-ap-00006-KSJ |
| ) | |
| FLASTER/GREENBERG, P.C., and ) | |
| PETER R. SPIRGLE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION TO
DENY PLAINTIFF'S MOTION
<u>FOR SUMMARY JUDGMENT ON SOLVENCY ISSUES</u>**
_(Factual disputes exist on ATN's solvency.)_

Plaintiff, Advanced Telecommunication Network, Inc. ("ATN"), requests[1] partial summary judgment[2] that ATN was legally insolvent between January and June, 1999, when ATN transferred millions to Defendant, Flaster/Greenberg, P.C. ("Flaster"), a law firm that represented two prior owners of ATN—Daniel and David Allen. The Bankruptcy Court recommends that the District Court deny ATN's request finding that material factual disputes preclude summary judgment as a matter of law

**Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The moving party must establish the right to summary judgment.[4] A "material" fact is one that "might affect the outcome of the suit under the governing law."[5] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[7] In determining entitlement to summary

---

[1] ATN styles their request as a request for "Findings of Fact and Conclusions of Law" on whether ATN was legally insolvent on the date the subject transfers occurred. I interpret this request as a motion seeking partial summary judgment on the insolvency issues raised in several counts of ATN's Second Amended Complaint. Doc. No. 139. ATN also more precisely asks for a "report and recommendation" because the District Court will try this adversary proceeding before a jury and the issues involve mixed core and non-core claims. As such, the District Court, not the Bankruptcy Court, must issue any Final Judgment. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (2015); *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 189 L. Ed. 2d 83 (2014); *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).
[2] Doc. No. 246. Defendants responded. (Doc. No. 261) (the "Response"). ATN Replied. (Doc. No. 272) (the "Reply"). Defendants filed a sur-reply. (Doc. No. 277) (the "Sur-Reply"). ATN filed a sur-sur-reply. (Doc. No. 278) (the "Sur-Sur-Reply"). *See* Doc. No. 246, p. 2 ("ATN was both equity insolvent and balance sheet insolvent on January 12, 1999 and June 1, 1999—the dates on which ATN entered into the 1999 Settlement Agreement and on which ATN made the settlement payments, respectively.").
[3] Fed. R. Civ. P. 56(a).
[4] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Find What Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).
[6] *Anderson*, 477 U.S. at 248.
[7] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, (1986).

judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[8]

## Background

Because the transfers between ATN and Flaster occurred in 1999, almost 20 years ago, and because substantial litigation precedes this dispute, a brief discussion of the past litigation is merited. Daniel Allen and Gary Carpenter, who equally shared all of ATN's voting shares, founded ATN in 1989 as a long-distance reseller of telecommunication services.[9] The company purchased long distance telephone service in bulk from larger carriers and resold it to their customers. A bitter management dispute erupted between Carpenter, ATN's President, and Daniel Allen resulting in hard fought litigation in New Jersey. A trial commenced in November 1998. Flaster represented Daniel Allen.

Daniel Allen and Carpenter signed a handwritten settlement agreement on December 23, 1998, and then a more formal written settlement agreement on January 12, 1999. ATN was to pay Flaster $1.35 million for the Allen attorney fees and costs in the New Jersey litigation. ATN also paid the Allens an additional $6.25 million in settlement of their dispute with Carpenter.[10] The monies were paid directly by ATN to Flaster who kept $1.35 million for its fees and sent the balance to the Allens. (It is this money received by the Allens that ultimately was avoided by the Eleventh Circuit Court of Appeals as a constructive fraudulent transfer (the "Avoided Transfer"), necessarily making a finding that ATN was legally insolvent when the transfers occurred in 1999.)

---

[8] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[9] The background is largely parsed from the Eleventh Circuit of Appeals opinion of *Advanced Telecommunication Network, Inc. v. Allen (In re Advanced Telecommunication Network, Inc.)*, 490 F. 3d 1325 (11th Cir. 2007).
[10] For example, exhibits show that wire transfers to Flaster occurred on January 12, 1999 ($1.25 million), January 29, 1999 ($250,000), and June 1, 1999 ($6 million). Doc. 180, Ex. 37. The settlement agreement also contained other terms, such as releases, that may have transferred additional value between the parties.

After the settlement, Carpenter was the sole shareholder of ATN and remained President for a short time. Beginning in 1995 and simultaneously with the shareholder litigation, ATN had disputed a contract with a competitor, WATS/800, Inc., a company controlled by Damian Freeman. In October 2000, Carpenter settled this dispute relinquishing his interest in ATN to Damian Freeman, who still controls ATN today.

ATN/Freeman filed this Chapter 11 bankruptcy on January 10, 2003, and confirmed a Plan of Reorganization[11] contemplating litigation against the Allens[12] and their lawyers to recover the millions paid in the 1999 settlement between the Allens and Carpenter. Freeman relentlessly has pursued his lawsuits beginning first with the Allens and now turning his attention to Flaster. The multi-year dispute has traveled to the Eleventh Circuit Court of Appeals twice[13] and, for the Allens' individual bankruptcy cases in New Jersey, the Third Circuit Court of Appeals.[14] But, to summarize, no dispute exists that the Avoided Transfer order is final. The Allens and Stacy Allen, Daniel's wife, have received discharges of any liability to ATN and are now assisting Freeman in pursuing his claims in this adversary proceeding.

**<u>Flaster Is Entitled to Present Evidence on ATN's Insolvency in 1999</u>**

ATN asserts several fraudulent transfer causes of action against the Defendants.[15] Each claim ATN asserts involves, directly or indirectly, the question of legal insolvency.[16] ATN alleges

---

[11] Doc. No. 1 in Main Case No. 6:03-bk-00299-KSJ. Doc. No. 153 in the Main Case is the Chapter 11 Plan of Reorganization. The Court confirmed the Plan on June 22, 2004. Doc. No. 215 in the Main Case.

[12] Adversary Number 6:03-ap-00122-KSJ, Advanced Telecommunication Network, Inc. v. Daniel W. Allen and David D. Allen.

[13] *In re Advanced Telecomm. Network, Inc.*, 429 F. App'x 857 (11th Cir. 2011); *In re Advanced Telecomm. Network, Inc.*, 490 F.3d 1325 (11th Cir. 2007).

[14] *In re Allen*, 768 F.3d 274 (3d Cir. 2014). Daniel Allen's individual bankruptcy case was filed in the United States Bankruptcy Court for the District of New Jersey (Case No. 11-37671 (GMB)). Daniel's wife, Stacy Allen, filed an individual bankruptcy case in the United States Bankruptcy Court for the District of New Jersey (Case No. 13-14348 (GMB)).

[15] Doc. No. 139, pp. 16-20.

[16] Doc. No. 246, p. 2.

it was equity insolvent and balance-sheet insolvent on the dates of certain transfers—satisfying one element of its fraudulent transfer claims.

As the Eleventh Circuit noted in a different case involving ATN:

The first prong of the fraudulent transfer inquiry asks whether the debtor making the challenged transfer was "insolvent" at the time the transfer was made. New Jersey law recognizes both presumptive and conclusive insolvency. Under New Jersey law, '[a] debtor who is generally not paying his debts as they become due is presumed to be insolvent.' A debtor is conclusively insolvent if its debts exceed the fair value of his assets.[17]

ATN uses the history of litigation between ATN and the Allens to support its conclusion. The Bankruptcy Court and the Eleventh Circuit Court of Appeals both ruled in earlier proceedings involving the Allens, Flaster's clients, that ATN was legally insolvent on the transfer dates in 1999.[18] ATN then provides chronological excerpts from written correspondence arguing the excerpts support a presumption of insolvency.[19] ATN also argues it was balance sheet insolvent.[20] Assuming, without deciding, ATN met its burden to show it was conclusively *insolvent* on the date of the transfers, the burden would then shift to the Defendants to show that ATN was *balance-sheet solvent*.[21]

ATN primarily relies on judicial rulings rendered in its favor in previous litigation against Flaster's clients, the Allens. Defendants were not parties to that litigation. They did not participate

---

[17] *In re Advanced Telecomm. Network, Inc.*, 490 F.3d 1325, 1332 (11th Cir. 2007). Defendants rely on the test under § 303 of the Bankruptcy Code for presumptive insolvency, arguing it is relevant to inform decisions under New Jersey's insolvency test. Doc. No. 261, p. 10. "For purposes of presumptive insolvency under section 303(h)(1), courts apply a flexible totality of the circumstances test in determining whether a debtor is generally not paying its debts when due." *Id.* Defendants also note that the test for conclusive insolvency or balance sheet insolvency are the *same* under both New Jersey law and the Bankruptcy Code. *Id.* at 13.
[18] Doc. No. 246, pp. 4-5.
[19] Doc. No. 246, pp. 5-19.
[20] Doc. No. 246, p. 19.
[21] *In re Advanced Telecomm. Network, Inc.*, 490 F.3d at 1333 ("[A] presumptive insolvency finding shifted the burden to the [Defendants] to show that ATN was conclusively solvent under a balance sheet test: That is, that the fair value of ATN's assets exceeded the fair value of its debts, notwithstanding the fact that it had not paid its debts as they come due.") (applying New Jersey law ).

in the discovery, evidentiary presentations, or briefing that resulted in the ultimate decisions by the Bankruptcy Court and the Eleventh Circuit finding ATN legally insolvent.[22]

Defendants also challenge as inadmissible ATN's reliance on the extra-judicial written correspondence excerpts to demonstrate ATN was legally insolvent in early 1999.[23] Defendants argue ATN has not met its burden, *in this proceeding*, to show it was equity insolvent. The Court agrees Flaster is entitled to its "day in court" on this important factual issue.

Defendants, most importantly, contend that their expert[24] will opine that ATN was *balance-sheet solvent* on three separate crucial dates (December 1998, March 1999, and June 1999).[25] Defendants argue they have rebutted ATN's position and should be allowed to present its expert's conflicting position.[26]

Solvency is an inherently factual issue usually not ripe for summary judgment.[27] ATN cannot rely solely on prior judicial rulings against other parties to demonstrate ATN's insolvency. Defendants raise a material factual dispute on ATN's insolvency and challenge the admissibility of ATN's supporting evidence it was insolvent in 1999.

---

[22] For example, the doctrine of collateral estoppel bars re-litigation of a previously decided issue when the parties are the same or the parties are in privity. *Brandt v. Bassett (In re Se. Banking Corp.)*, 69 F.3d 1539, 1552 (11th Cir. 1995).
[23] ATN attaches correspondence to Mr. Freeman's Declaration. Flaster argues this declaration is inadmissible because Mr. Freeman had no personal knowledge that would allow him to authenticate the correspondence and other documents attached to the declaration. Doc. No. 244.
[24] ATN may lack an expert witness to rebut the testimony of the Defendant's solvency expert. ATN had timely denoted Damian Freeman as its solvency expert; however, they later dismissed him from that role and untimely "switched" experts on the eve of the discovery deadline. In a related order, the Bankruptcy Court has held that this belatedly disclosed expert, Mr. Durkee, cannot testify. Doc. No. 292. ATN, if it chooses, however, still may call Mr. Freeman. But, at this juncture, ATN has no expert to provide rebuttal testimony to the Defendant's position. As such, Flaster has expert testimony on insolvency but ATN does not.
[25] Doc. No. 261-2, p. 21 (summary of balance sheet solvency analysis).
[26] *Bakst v. United States (In re Kane & Kane)*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) ("Defendant challenges [the expert's] credibility, methodology and qualifications. In light of these concerns, the trier of fact should be permitted to hear [the expert] explain how he reached the conclusion that the Debtor was insolvent and may then determine the appropriate weight to be accorded to [the expert's] testimony.")
[27] *Moecker v. Johnson (In re Transit Grp., Inc.)*, 332 B.R. 45, 55 (Bankr. M.D. Fla. 2005) ("[I]ssues relating to solvency generally are not susceptible to summary judgment because factual disputes usually exist.").

The Bankruptcy Court recommends that the District Court deny ATN's request for partial summary judgment on the solvency issues involved in this adversary proceedings finding material factual disputes preclude summary judgment as a matter of law.

###

Attorney, Jason Baruch, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.