In Re: Advanced Telecommunication
Network, Inc.,

      Debtor.

_____

ADVANCED TELECOMMUNICATION
NETWORK, INC.,

          Plaintiff,

v.

FLASTER/GREENBERG, P.C., et al.,

          Defendants.

_____

Case No: 6:18-cv-1186-Orl-28GJK

Bankr. Ct. Case No. 6:03-bk-299-KSJ
Adv. Proc. No. 6:05-ap-00006-KSJ
Adv. Proc. No. 6:11-ap-00008-KSJ

## ORDER

At the status conference held on September 27, 2018, Plaintiff Advanced Telecommunication Network, Inc. (ATN) stated that it intended to ask this Court to review several non-final discovery orders entered by the United States Bankruptcy Judge—specifically, the court's orders: (1) Partially Granting Defendants' Motion to Exclude Expert Witnesses (Bankr. Doc. 292); (2) Granting Defendants' Motion for Reconsideration on the expert witness issue (Bankr. Doc. 299); (3) Denying Plaintiff's Motion to Compel (Bankr. Doc. 211); (4) Denying Plaintiff's Renewed Motion to Compel (Bankr. Doc. 285); and (5) Denying Defendants' Motion for Summary Judgment on the judicial estoppel issue (Bankr. Doc. 232). Defendants oppose review by this Court.

At the status conference, the Court instructed ATN to file, within five days, a brief explaining why this Court should reconsider the discovery orders of the bankruptcy court.

(See Doc. 51). Defendants were to respond within five days of receipt of ATN's brief. (See id.). After reviewing the record and applicable law, the Court declines to review the above-noted discovery orders of the bankruptcy judge. Thus, the parties need not provide briefing on this issue.

The Court declines to review these orders for two reasons. First, with regard to the Motion to Compel and the Renewed Motion to Compel, ATN already attempted to appeal the bankruptcy judge's ruling to the district court. (See Bankr. Doc. 218). The district court denied ATN's motion for leave to appeal, with prejudice, holding that ATN's motion for leave to appeal was not timely. See In re Advanced Telecomm. Network, Inc., No. 6:16–cv–1756–Orl–37, 2016 WL 6432984, at *2 (M.D. Fla. Oct. 31, 2016).

Second, even absent the first appeal attempt, ATN could only appeal these non-final discovery orders with leave of this Court. See 28 U.S.C. § 158(a) (noting that the "district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . .; and (3) *with leave of the court, from other interlocutory orders and decrees*; of bankruptcy judges"). Further, ATN needed to seek that leave to appeal within the time prescribed by law. See id. § 158(c)(2) ("An appeal under subsections (a) and (b) of this section shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules."); see also Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."); Fed. R. Bankr. P. 8004(a)(1) (noting that a party appealing an interlocutory order of a bankruptcy judge must file a notice of appeal "within the time allowed by Rule

8002"). Thus, ATN missed the deadline for appealing the non-final discovery orders of the bankruptcy judge.

Additionally, a district court need not review interlocutory orders of the bankruptcy court. Rather, a district court, "at its discretion, *may* review interlocutory judgments and orders of a bankruptcy court." In re Garcia, 725 F. App'x 911, 912 (11th Cir. 2018) (per curiam). Even if ATN had timely appealed, this Court would still retain discretion to determine whether to hear those appeals; exercising that discretion, the Court declines to review the non-final discovery orders of the bankruptcy court.

Accordingly, it is **ORDERED** as follows:

1. The Court declines to review the non-final discovery orders (Bankr. Docs. 211, 232, 285, 292, 299) questioned by ATN at the status conference.

2. The parties shall not submit briefing regarding review of the non-final discovery orders of the bankruptcy court.

3. This case will be set for trial by separate notice. Within five days of the filing of that notice, the parties shall file a Case Management Report.

**DONE** and **ORDERED** in Orlando, Florida, on September 28, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

3