UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Advanced Telecommunication
Network, Inc.,

    Debtor.
_____

ADVANCED TELECOMMUNICATION
NETWORK, INC.,

    Plaintiff,

v.                                              Case No: 6:18-cv-1186-Orl-28GJK

FLASTER/GREENBERG, P.C., et al.,        Bankr. Ct. Case No. 6:03-bk-299-KSJ
                                                Adv. Proc. No. 6:05-ap-00006-KSJ
    Defendants.                           Adv. Proc. No. 6:11-ap-00008-KSJ
_____

## ORDER

On October 9, 2018, this Court ordered both Advanced Telecommunication Network, Inc. (ATN) and Defendants to disclose the experts they intended to call at trial and the subject matter about which those experts will testify. (See Doc. 55). On October 19, 2018, both parties filed their disclosures. (See Docs. 56, 57). Defendants disclosed two experts. (See Doc. 57). ATN disclosed three experts—two of which had already been excluded by the bankruptcy court—noting its intention to avoid waiving appellate rights regarding exclusion of those experts. (See Doc. 56). ATN also took the opportunity to argue, yet again, that it believed the experts were improperly excluded.[1] (See id. at 1–2).

---

[1] The bankruptcy court excluded the experts because ATN disclosed them over a year after the deadline. (See Bankr. Doc. 292 at 5). ATN continues to argue that the bankruptcy court only set deadlines for experts not providing written reports. (See Doc. 65 at 1–2). Because the default deadline for disclosure of experts providing written reports is at least 90 days before trial if not otherwise governed by stipulation or court order, ATN

On October 24, 2018, Defendants filed their Corrected Motion to Strike Plaintiff's Expert Disclosures. (Doc. 62). Defendants contend that ATN, instead of disclosing its experts and the subjects on which they will testify, used the disclosure to again dispute the exclusion of two of its experts. (See id. at 1–2). Though ATN responds that it proffered the two excluded experts to avoid waiver, it focused the majority of its response on arguing, now for the fifth time, that two of its experts were improperly excluded. (See Doc. 65).

Although ATN persists in its argument that its experts were improperly excluded and "warns" that this Court should expect to be reversed on this issue, a review of the record reveals that these accusations are merely the most recent example of the gamesmanship about which the bankruptcy court cautioned the parties. (See Bankr. Doc. 292 at 5). The parties agreed on the types of experts to be used in the case and the deadline for disclosing those experts. ATN missed that deadline and now seeks to rewrite the past to make use of its experts. The Federal Rules of Civil Procedure do not permit such antics. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

---

believes it should now be allowed to disclose those experts. (See Doc. 65 at 2 (citing Fed. R. Civ. P. 26(a)(2)(D)(i))). ATN, however, fails to note that the parties stipulated that any experts in the case would not provide written reports. (See Bankr. Doc. 292 at 5). The scheduling order issued by the bankruptcy court thus only contemplates deadlines for such experts. (See Bankr. Doc. 55). Therefore, ATN's attempt to invoke the default deadline must fail because of the parties' stipulation regarding experts. See Fed. R. Civ. P. 26(a)(2)(D) (noting that the default expert disclosure deadlines apply only "*absent a stipulation or a court order*" (emphasis added)).

ATN's assertion that it used its expert disclosure to proffer experts to avoid waiver is not well taken. ATN twice responded in opposition to the bankruptcy judge's exclusion of those experts in that court and objected again to the exclusion at the status conference this Court held on September 27, 2018. ATN did not need to eschew the orders and instructions of multiple courts regarding its expert disclosures to preserve the issue for appeal. See Fed. R. Evid. 103(b) ("Once the court rules definitely on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal."); see also Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty, Fla., 402 F.3d 1092, 1109 n.6 (11th Cir. 2005) (citing the Federal Rules of Evidence for the proposition that a *definitive* pre-trial ruling excluding evidence preserves the issue for appeal). Lest there be any remaining doubt on this issue: ATN's two previously-excluded experts are definitively excluded; the issue is preserved for appeal. See Cook, 402 F.3d at 1109 n.6 ("Because these comments by the trial court created the clear impression that Cook had done all she needed to do to preserve her objection to the exclusion of [expert testimony], we cannot conclude that Cook's failure to reoffer the testimony at trial amounted to a waiver of the issue.").

In sum, ATN failed to comply with this Court's Order (Doc. 55) by disclosing previously-excluded experts and presenting redundant arguments about their exclusion in its expert disclosure. Accordingly, it is **ORDERED** as follows:

1. Defendants' Corrected Motion to Strike Plaintiff's Expert Disclosures (Doc. 62) is **GRANTED.** Thomas Durkee and Jeffrey Childers are hereby **STRICKEN** from ATN's expert disclosure and will not be permitted to testify at trial.

2. The Clerk of the Court need not take any action regarding the striking of the expert disclosure.

**DONE** and **ORDERED** in Orlando, Florida, on October 31, 2018.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties